IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JESSE P. SOTO AND SANTIAGO RAMIREZ § § § | |
| VS. § | CIVIL ACTION NO. 2:10-cv-00066 |
| § | |
| VANDERBILT MORTGAGE AND § FINANCE, INC., CLAYTON HOMES, INC., § AND CMH HOMES, INC. § § | JURY DEMAND |

**DEFENDANTS' RULE 56(f) MOTION FOR CONTINUANCE OF DOCKET DATE OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"), Clayton Homes, Inc. ("CHI"), and CMH Homes, Inc. ("CMH") file this Rule 56(f) Motion for Continuance of Docket Date of Plaintiff's Motion for Partial Summary Judgment and respectfully request that this Court grant them additional time in which to respond to Plaintiff's Motion for the reasons set forth below. Because Defendants seek relief of an impending deadline, they also respectfully request that the Court consider this motion on an expedited basis.

### I. INTRODUCTION AND FACTUAL BACKGROUND

On July 26, 2010, Plaintiff Santiago Ramirez filed a Motion for Partial Summary Judgment, asking that the Court rule that the debt at issue in this case is no longer owed by Plaintiff to Vanderbilt. Defendants request the ability to conduct further discovery prior to the Court's ruling on the Motion. (D.E. 41.) The docket date for the Motion is August 16, 2010. The Scheduling Order entered by this Court on April 14, 2010 established a discovery cutoff of December 30, 2010, nearly five months away, and a dispositive motions deadline of December 15, 2010, nearly four and a half months away. (D.E. 18 ¶¶ 4, 7.) Defendants have diligently pursued discovery in this matter, and have also responded to extensive discovery requests from Plaintiff.

Defendants previously requested and noticed Plaintiff's deposition, but agreed to reschedule this depositions at the request of Plaintiff's counsel in order to accommodate counsel's vacation schedules. (Ex. A.) Plaintiff has now filed for partial summary judgment on Plaintiff's claim that his debt was released, despite the fact that his deposition has not yet been rescheduled and Defendants' counsel and Plaintiff's counsel have been preparing for the imminent close of discovery and trial in another case pending before this Court, C.A. No. 2:09cv00312; *Vanderbilt Mortgage and Finance, Inc. v. Cesar Flores et al.* In fact, the docket date for Plaintiff's Motion is August 16, 2010, which is also the deadline for dispositive motions in *Flores*. Expert depositions in *Flores* are set in various cities over the course of the next two weeks. Additional depositions will need to be scheduled after the August 11, 2010 deadline for designating responsive experts in *Flores*.

## II.   ARGUMENT AND AUTHORITIES

In responding to a motion for summary judgment, a party that needs more time to obtain discovery, including depositions, may request a continuance pursuant to Federal Rule of Civil Procedure 56(f). *See Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266, 1268 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992) (holding that the district court should have deferred ruling on the motion for summary judgment until the necessary discovery, including outstanding depositions, was complete). "The purpose of Rule 56(f) is to provide non-movants with a much needed tool to keep open the doors of discovery in order to adequately combat a summary judgment motion." *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992). Rule 56(f) motions are "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

In order to obtain a continuance, the non-movant must (1) request that the court

permit further discovery prior to the time that the court rules on summary judgment, (2) put the trial court on notice that further discovery pertaining to the summary judgment motion is being sought, and (3) demonstrate specifically how the requested discovery pertains to the pending motion. *International Shortstop*, 939 F.2d at 1268 (holding that the district court should have deferred ruling because the nonmovant informed the court that depositions were outstanding, that the nonmovant intended to continue to seek those depositions, and explained how these depositions related to the issues raised in the pending motion); *see also Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993) ("To obtain a continuance of a motion for summary judgment in order to obtain further discovery, a party must indicate to the court by some statement, preferably in writing (but not necessarily in the form of an affidavit), why he needs additional discovery and how the additional discovery will create a genuine issue of material fact.") (citing *International Shortstop*, 939 F.2d at 1257, 1266-67). "Where the party opposing the summary judgment informs the court that its diligent efforts to obtain evidence have been unsuccessful, 'a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.'" *Id.* at 1267 (citations omitted); *see also Wichita Falls Office Associates v. Banc One Corp.*, 978 F.2d 915, 920 (5th Cir. 1992) (reversing grant of summary judgment and holding that district court should have granted continuance for the purpose of additional discovery, despite the fact that the nonmovant had waited nearly a year to request discovery they admitted was crucial to their claim); *Xerox Corp. v. Genmoora Corp.* 888 F. 2d 345, 354, 354 n.7 (holding that "it was an abuse of [] discretion for the trial judge not to hold that Xerox lacked both adequate time for discovery and adequate discovery" where only two defendants had responded to discovery requests, and "the conflicting schedules of counsel" had prevented Xerox from fully reviewing even those responses).

In light of the fact that several months remain until the dispositive motions deadline in this case, Plaintiff is in no way prejudiced by a 45-day continuance of the docket date of his Motion.  By contrast, Defendants will be significantly prejudiced by their inability to obtain testimony from Plaintiff, because without the benefit of Plaintiff's deposition testimony, Defendants cannot fully respond to Plaintiff's Motion or determine, based on Plaintiff's testimony, what additional discovery on the issues raised in Plaintiff's Motion is necessary.  Defendants' request for a continuance is clearly justified in light of the Court's deadlines and Defendants' demonstrated need for additional discovery from Plaintiff.  Plaintiff's deposition has not occurred only because Defendants' counsel agreed to reschedule the deposition in order to accommodate Plaintiff's counsel, and the deposition has not yet been rescheduled due to the significant amount of discovery required prior to the August 31, 2010 discovery cutoff in *Flores*.  Expert depositions in *Flores* are set in various cities over the course of the next two weeks.  In addition, depositions of responsive experts are anticipated after the August 11 responsive expert deadline in *Flores*.

With over five months of discovery remaining in the above-captioned matter, this Court should grant Defendants' request for a continuance of response to Plaintiff's Motion for Partial Summary Judgment as a matter of course under Fifth Circuit law.  *See Fisher v. Greater Houston Convention & Visitors Bureau*, 200 Fed. App'x 293, 294 (5th Cir. 2006) (holding that district court abused discretion in denying Rule 56(f) motion where nonmovant had been unable, despite appropriate request, to take depositions); *International Shortstop*, 939 F.2d at 1267 ("Where the party opposing the summary judgment informs the court that its diligent efforts to obtain evidence have been unsuccessful, 'a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.'") (citations omitted); *see*

*also Xerox Corp.*, 888 F. 2d at 354, 354 n.7 (holding that "it was an abuse of [] discretion for the trial judge not to hold that Xerox lacked both adequate time for discovery and adequate discovery" where only two defendants had responded to discovery requests, and "the conflicting schedules of counsel" had prevented Xerox from fully reviewing even those responses).

Additionally, Defendants have satisfied all elements to justify this Court continuing their time for response to Plaintiff's Motion for Partial Summary Judgment. First, this Motion serves as Defendants' request that the Court grant time to conduct further discovery and is being tendered prior to this Court's ruling on summary judgment. Second, Defendants notify this Court herein that they seek further discovery pertaining to the motion for summary judgment.

Most significantly, the discovery sought by Defendants absolutely bears on the dispositive issues to be decided by this Court. For example, deposition testimony from Plaintiff regarding his payments to Vanderbilt is essential to confirming that Plaintiff has not, in fact, paid his debt to Vanderbilt in full. Testimony from Plaintiff regarding his payments is crucial to Defendants response to Plaintiff's claim that his debt has been released. This testimony goes to an essential element of the legal requirements for release under Texas law. Further, Defendants seek testimony regarding whether Plaintiff has ever communicated with any Vanderbilt, CMH or CHI employee or any other person regarding the alleged release of his debt. In addition, in order to respond to Plaintiff's motion, Defendants need to examine Plaintiff regarding his knowledge of the filing of the Deed of Trust and Builders & Mechanics' Lien releases in the public records. This information is also pertinent to the legal requirements for release under Texas law and the question of whether Plaintiff's claim is barred by limitations, two essential components of Defendants' response to Plaintiff's arguments in his Motion. *See Wichita Falls Office*

*Associates*, 978 F.2d at 920 ("[W]hen a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery."). For all of these reasons, a continuance of the response date to Plaintiff's Motion is appropriate and necessary. *See Fisher*, 200 Fed. App'x at 294 (holding that district court abused discretion in denying Rule 56(f) motion where nonmovant had been unable, despite appropriate request, to take depositions); *Tonnas v. Stonebridge Life Ins. Co.*, 78 Fed. App'x 966, 968 (5th Cir. 2003) (reversing district court's grant of summary judgment where non-movant had requested a continuance under Rule 56(f) that "expressly stated what [she] wished to accomplish during the extension and how [additional] depositions would weaken [movant's] case for summary judgment[,] included an affidavit that explained what she expected to obtain through the depositions[, and] seemingly did not behave in a slothful manner. Her request to delay a summary judgment ruling occurred three months before the scheduled end of the discovery period."); *Xerox Corp v. Genmoora Corp.*, 888 F.2d 345-55 (internal quotations, citations, and footnotes omitted) ("Summary judgment should not [] ordinarily be granted before discovery has been completed. This is especially true in [a] suit where [the] proof must come largely, if not entirely, from [party-witnesses]. . . ."); *see also PYR Energy Corp. v. Samson Res. Co.*, 456 F. Supp. 2d 786, 809 (E.D. Tex. 2006) (internal citations omitted) (denying plaintiff's motion for partial summary judgment because discovery was not complete).

Under well-established Fifth Circuit law, Defendants are entitled to a continuance. Defendants' request for a continuance is not done for delay or any improper purpose, but merely so that Defendants can schedule the necessary depositions and otherwise take the necessary discovery to fully and fairly respond to Plaintiff's Motion.

### III.  CONCLUSION

Defendants respectfully request that this Court grant their Motion for Continuance and delay its ruling on Plaintiff's Motion for Partial Summary Judgment until after the completion of the discovery necessary to adequately respond to Plaintiff's Motion. Specifically, Defendants request that the Court extend the docket date of Plaintiff's Motion by approximately 45 days, such that Defendants' response to Plaintiff's Motion shall be due on September 30, 2010. Because Defendants seek relief of an impending deadline, they also respectfully request that the Court consider this motion on an expedited basis.

Dated:  July 30, 2010

Respectfully submitted,

/s/ Jorge C. Rangel
Jorge C. Rangel
Attorney-in-Charge
State Bar No. 16543500
Federal I.D. No. 5698
Jaime S. Rangel
State Bar No. 24033759
Federal I.D. No. 32226
The Rangel Law Firm, P.C.
615 Upper N. Broadway, Suite 2020
Corpus Christi, Texas  78477
Telephone: (361) 883-8500
Facsimile: (361) 883-2611
Email: jorge.c.rangel@rangellaw.com
Email: jaime.rangel@rangellaw.com

OF COUNSEL:
BAKER BOTTS L.L.P.
Cristina Espinosa Rodriguez
State Bar No. 00793701
Federal I.D. No. 20575
Timothy C. Shelby
State Bar No. 24037482
Federal I.D. No. 39044
Sarah J. Cottrell
State Bar No. 24065085
Federal I.D. No. 1043442
One Shell Plaza
910 Louisiana
Houston, Texas 77002-4995
Telephone:  (713) 229-1188
Facsimile:  (713) 229-7788
E-mail: cristina.rodriguez@bakerbotts.com
E-mail: tim.shelby@bakerbotts.com
E-mail: sarah.cottrell@bakerbotts.com

ATTORNEYS FOR DEFENDANTS VANDERBILT MORTGAGE AND FINANCE, INC., CLAYTON HOMES, INC., AND CMH HOMES, INC.

### CERTIFICATE OF CONFERENCE

I certify that on July 28, 2010, I conferred with David Rumley, counsel for Plaintiff, who indicated that he opposes this motion.

/s/ Jorge C. Rangel
Jorge C. Rangel

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed pursuant to the electronic filing requirements of the United States District Court for the Southern District of Texas on this the 30th day of July 2010, which provides for service on counsel of record in accordance with the electronic filing protocols in place.

/s/ Cristina Espinosa Rodriguez
Cristina Espinosa Rodriguez